# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUC G. LABROSSE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BANK OF AMERICA, N.A. et al., )<br>)<br>Defendants. )<br>_____ ) | 3:11-cv-00774-RCJ-VPC<br><br>**ORDER** |

This is a non-standard residential foreclosure case concerning one property. Pending before the Court are a motion to dismiss, a motion to expunge the lis pendens, and a motion to remand or abstain. For the reasons given herein, the Court grants the motion to dismiss in part and denies it in part, denies the motion to expunge the lis pendens, and remands the remainder of the case.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Luc G. LaBrosse gave lender First Magnus Financial Corp. ("First Magnus") a $432,000 promissory note to purchase real property at 1369 Falland Way, Reno, NV 89503 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, July 10, 2006, ECF No. 5-1).[1] First American Title Co. of Nevada ("First American") was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*Id.* 2).

First American, as agent for Regional Service Corp. ("RSC"), filed a notice of default

---

[1] Defendants note that the Property is "not a single family residence but a ten (10) bedroom rooming house structure."

1  ("NOD") on December 10, 2009, based on a default of unspecified amount as of January 1,
2  2009. (*See* First NOD, Dec. 10, 2009, ECF No. 5-2). The parties agree that the First NOD was
3  in error, as it was filed based on the alleged default of Plaintiff's predecessor-in-interest as to the
4  Property, a Mr. James A. Manelli, and the First NOD does not refer to Plaintiff's DOT at all, but
5  to another deed of trust with a different document number. (*See id.*). RSC has rescinded the First
6  NOD. (*See* Notice of Rescission, Nov. 16, 2010, ECF No. 5-3).

7       In the meantime, and in fact before First American had filed the First NOD, The Bank of
8  New York Mellon ("Mellon") substituted Recontrust, Co., N.A. as trustee. (*See* Substitution,
9  Oct. 29, 2009, ECF No. 5-4). But the day before, Recontrust had already filed the Second NOD,
10 based on an alleged default of unspecified amount as of April 1, 2009. (*See* Second NOD, Oct.
11 28, 2009, ECF No. 5-5). The State of Nevada Foreclosure Mediation Program ("FMP") certified
12 the Property for trustee's sale after an unsuccessful January 25, 2010 mediation conference. (*See*
13 FMP Certificate, Feb. 17, 2010, ECF No. 5-6). Recontrust noticed a trustee's sale for May 10,
14 2011. (*See* Notice of Trustee's Sale ("NOS"), Apr. 18, 2011, ECF No. 5-7). Recontrust sold the
15 Property to Dickson Group I, LLC. (*See* Trustee's Deed, Aug. 26, 2011, ECF No. 5-8).

16      Dickson Group I filed an unlawful detainer action in the Reno Township Justice Court
17 against Plaintiff, Vicki Lynn Fallis, and any tenants residing therein, seeking their eviction from
18 the Property. (*See* First Am. V. Compl. for Unlawful Detainer, Sept. 27, 2011, ECF No. 5-9).
19 Plaintiff filed the present Complaint in state court, listing nine nominal causes of action best
20 characterized as follows: (1)–(3) Quiet Title; (4) Fair Debt Collection Practices Act ("FDCPA")
21 violations; (5) breach of the implied covenant of good faith and fair dealing; (6) slander of title;
22 (7) deceptive trade practices under Nevada Revised Statutes ("NRS") section 598.0923; (8)
23 fraud; and (9) intentional infliction of emotional distress ("IIED"). The case is not part of Case
24 No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer.
25 ///

## II. ANALYSIS

There is no indication when Mellon received the beneficial interest in Plaintiff's note and deed of trust, and Recontrust filed the Second NOD before it was substituted by Mellon. The foreclosure therefore may have been improper under section 107.080(2)(c). However, because of the unlawful detainer case predating the present case, it is not clear the Court has subject matter jurisdiction to rule on the quiet title claims.

As to the federal claim, a foreclosing entity is not by that fact a "debt collector" under FDCPA. The statute's definition of "debt collector" does not include a person who collects a debt "to the extent such activity . . . concerns debt which was originated by such person; [or] concerns a debt which is not in default at the time it is obtained by such person." 15 U.S.C. § 1692a(6)(F). No party here is attempting to collect a debt, but only attempting to foreclose non-judicially, which does not constitute "debt collection" as to any beneficiary that takes the beneficial interest before default. *See* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money . . . ."); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 944 (D. Nev. 2011); *Diessner v. MERS*, 618 F. Supp. 2d 1184 (D. Ariz. 2009), *aff'd*, 384 Fed. Appx. 609 (9th Cir. 2010).

The Court will therefore dismiss the FDCPA claim[2] but will not address the remaining state law claims. It appears that the unlawful detainer action was filed in state court before the present case (which contains quiet title claims) was filed in state court and subsequently

---

[2] Plaintiff argues that he has not brought a federal FDCPA claim, but only a parallel state law claim under section 649.370. But because the state statute incorporates the federal standards directly, and the federal statute creates a cause of action, there is federal question jurisdiction. *Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 945–46 (D. Nev. 2011) (Jones, J.). In any case, the state statute creates no private cause of action, *see id.*, and Plaintiff has specifically pled the FDCPA.

1  removed.  If both actions are in rem or quasi in rem, this Court lacks jurisdiction (over the quiet
2  title claims) under the prior exclusive jurisdiction doctrine. *See Karl v. Quality Loan Serv. Corp.*,
3  No. 3:10-cv-00473-RCJ-VPC, 2011 WL 2792393, at *1–2 (D. Nev. July 14, 2011) (Jones, J.)
4  (noting that the Ninth Circuit had certified *Chapman v. Deutsche Bank National Trust Co.*, No.
5  10–15215 to the Nevada Supreme Court to answer whether quiet title and unlawful detainer
6  actions in Nevada are in personam, in rem, or quasi in rem, so that the Ninth Circuit could then
7  determine whether the prior exclusive jurisdiction rule prevented federal jurisdiction in a case
8  like the present one).  The *Chapman* court noted that both the Ninth Circuit and other circuits
9  had in the past assumed that unlawful detainer-type and quiet title-type actions competed for
10 jurisdiction over a res and so had dismissed later-filed federal complaints under the prior
11 exclusive jurisdiction doctrine. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039,
12 1046 n.3 (9th Cir 2011) (citing *inter alia Wolf v. Dist. Court*, 235 F. 69, 73 (9th Cir. 1916)
13 (dismissing a later-filed federal complaint regarding possession where a prior state complaint
14 regarding ownership was pending)).  The *Chapman* court, however, has left it to the Nevada
15 Supreme Court in this case to determine whether these types of actions are in fact in rem or quasi
16 in rem. *See id.*  The Court will remand the state law claims, not based upon the prior exclusive
17 jurisdiction rule, but under 28 U.S.C. § 1367(c)(2).
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Expunge Lis Pendens (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part.  The FDCPA claim is dismissed.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 7) is GRANTED in part.  The state law claims are remanded.

IT IS SO ORDERED.

Dated this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge